## In re Anonymous No. 45 D.B. 77

Disciplinary Docket no. 45 D.B. 77.

JOHNSON, *Board Member*, October 17, 1978—

## I.  HISTORY OF PROCEEDINGS

A petition for discipline was filed against respondent containing two charges and alleging violation of Disciplinary Rules 1-102(A)(4) and 1-102(A)(6).

On or about October 20, 1976, one [A] was arrested. A Miss [B] contacted respondent relative to getting [A] out of custody on bond. [C], an investigator for the [  ] county bail agency, in the absence of counsel for [A], at a hearing on possible reduction of bail recommended to the court a reduction which the court accepted. Respondent accepted from Miss [B] money for the cash bond and posted bond for [A]. [C] testified at an administrative court hearing that respondent offered him money to say he, respondent, had the bond reduced. This was the basis of charge one.

Respondent gave notes to two former clients concerning restitution on misappropriation of clients' funds in 1961. These matters were the subject of disciplinary action prior to the creation of the Disciplinary Board of the Supreme Court of Pennsylvania. Respondent resigned from the practice of law and was subsequently reinstated by the Supreme Court. On April 21, 1975, respondent was administered an informal admonition by chief disciplinary counsel at which time respondent told Mr. Zerfoss he intended to make small monthly payments on the notes. He did not. This was the basis of charge two.

## II.  HEARING COMMITTEE REPORT

The hearing committee found respondent violated Disciplinary Rule 1-102(A)(6) dealing with conduct adversely reflecting upon his fitness to

practice law, and not guilty of a violation of Disciplinary Rule 1-102(A)(4) dealing with conduct involving dishonesty, fraud, deceit, or misrepresentation, and recommended an informal admonition.

## III.  DISCIPLINARY BOARD ACTION

The board confirmed the finding of the hearing committee that there was no violation of Disciplinary Rule 1-102(A)(4).

With regard to the first charge: by stipulation the testimony of [C], the county bail agency investigator, at an administrative hearing in the Court of Common Pleas of [   ] County was adopted as the testimony of that officer before the hearing committee. The testimony of [C] taken alone might support a finding that respondent violated Disciplinary Rule 1-102(A)(6) dealing with conduct adversely reflecting upon his fitness to practice law as found by the hearing committee. However, the testimony of Miss [B] who contacted respondent on behalf of defendant [A] for whom bond was arranged does cast considerable doubt of wrongdoing on the part of respondent. She was present when respondent received a telephone call from [C] and respondent immediately told her bond had been reduced. Why then would he subsequently ask [C] to say he was present when the bond was reduced? The required cash was $400. Miss [B] had only $375 which she gave to respondent. Respondent advanced $25, posted the bond and had defendant released. The $25 was repaid but no fee was charged. Respondent did not undertake to represent [A] in the defense of the criminal charge.

The second charge is a matter of basing a new charge of a violation of the disciplinary rules on

respondent's failure to carry out his stated intent to make payments on a civil debt, notes which had been reduced to judgment. We do not believe it is the function of the disciplinary system to use its resources to collect a civil debt. At most the hearing committee found that respondent indicated (to chief disciplinary counsel) that he intended to make restitution.

The disciplinary board at its meeting held on September 15, 1978, voted to dismiss the complaint against respondent.

Mr. Reath and Mr. Schiavo did not participate in the adjudication. Mr. Unkovic abstained.